UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES SCHWAB & CO., INC. | * | CIVIL ACTION |
| Plaintiff/Stakeholder | * | NO. |
| VERSUS | * | SECTION |
| REGINA B. HEISLER and and GIROD LOANCO., LLC | * | MAG. |
| | * | |
| Defendants/Claimants | | |

**COMPLAINT FOR INTERPLEADER**

Without waiving any contractual right of arbitration, Charles Schwab & Co., Inc. ("Schwab"), commences this interpleader action under Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335 and respectfully shows the following:

**JURISDICTION AND VENUE**

1.

Plaintiff Schwab provides brokerage, banking and other financial services to individual and institutional clients throughout the country. Schwab is incorporated under the laws of the state of California, has its principal place of business in California, and is qualified to do business in Louisiana.

2.

The Defendants/Claimants to this interpleader are as follows:

(a) Regina B. Heisler, an individual domiciled in Louisiana.

(b) Girod LoanCo, LLC is a limited liability company formed under the laws of Delaware. Upon information and belief, Girod LoanCo LLC has no member, and no member's parent corporation or owner, who is domiciled in Louisiana or California.

1

3.

Jurisdiction is proper under 28 U.S.C. § 1335.  Schwab has in its custody or possession money and other property exceeding the value of $500.  Two or more Defendants of diverse citizenship are claiming or may claim to be entitled to such property.  Schwab is praying to deposit the disputed money and property into the registry of this Court, there to abide the judgment of this Court.

4.

Jurisdiction for a Rule 22 interpleader is also proper under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff/Stakeholder Schwab and the Defendants/Claimants.

5.

Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this interpleader action occurred in this district.  Additionally, venue is proper under 28 U.S.C. § 1397 because Defendant/Claimant Regina Heisler resides in this district.

**FACTS**

6.

Regina B. Heisler holds a Schwab brokerage account with Schwab, designated as account number ****-*837 (the "Account").  That Account is subject to the current Terms and Conditions a copy of which is attached as Exhibit 1.

7.

Pursuant to the terms of a Pledged Asset Account Agreement, dated August 12, 2008, by and among Regina B. Heisler as Borrower, First NBC Bank as Lender and Schwab, Heisler

granted a security interest in the Account to serve as collateral to secure a promissory note dated February 27, 2015, in the amount of $2,107,124.80, payable to First NBC Bank. A copy of the Pledged Asset Account Agreement is attached as Exhibit 2.

8.

The promissory note by Heisler dated February 27, 2015, in the amount of $2,107,124.80, payable to First NBC Bank, was modified and amended by Allonge dated November 13, 2017, by the Federal Deposit Insurance Corporation, as Receiver for First NBC Bank, to reflect it payable to Girod LoanCo, LLC. A copy of the Note and Allonge are attached as Exhibits 3 & 4.

9.

Following receipt of notice of the transfer, on December 26, 2017, Schwab provided Notice of Termination of Pledged Asset Account Agreement and Closure of Account. Following that notice, Schwab received multiple, conflicting demands to the Account. Specifically, Schwab has received the following claims:

(a) By email dated January 2, 2018, counsel for Regina Heisler sent Schwab certain pleadings in the Succession of Fred P. Heisler and suggesting a dispute as to the note and entitlement to funds, indicating that Schwab invoke a concursus proceeding before paying the Account fund to anyone other than Regina Heisler.

(b) By letter dated March 1, 2018, Girod LoanCo, LLC notified Schwab that it was directed to liquidate all securities and transfer all cash in the account to Girod LoanCo, LLC; and

(c) On or about March 3, 2018, Schwab received a "Motion for Expedited Hearing on Succession's Prior Requests for Declaratory Judgment Naming Capital Crossing

Servicing Company, Inc., Girod LoanCo, LLC, and Charles Schwab & Co., Inc., as Parties Claiming an Interest Pursuant to LCCP Article 1880" seeking declaratory relief seeking (a) a finding that neither Capital Crossing Servicing Company, Inc., Girod LoanCo, LLC, and Charles Schwab & Co., Inc., has any interest in any assets or property of the Succession of Frederick P. Heisler, Frederick P. Heisler, and/or Regina Heisler and (b) an order prohibiting Schwab from liquidating or disposing the Account.

10.

Schwab admits and acknowledges that it owes distribution of the Account assets to the appropriate person or entity, and Schwab is ready and willing to distribute same to such person or entity. However, given the competing claims to the Account, Schwab is unable to determine the person or entity entitled to receive the cash, assets, and/or proceeds maintained in the Account without the risk of exposing itself to litigation and/or multiple claims for payment.

11.

Because there are competing, adverse claims to the Account which may expose Schwab to multiple claims and litigation over a single account, this interpleader action is appropriate.

12.

Schwab wishes to deposit the assets and/or proceeds of the Account into the registry of the Court. The Account holds approximately $330,790.93 in cash, which Schwab contemporaneously moves to deposit into the Court's registry. The Account also holds stocks, exchanged traded funds (ETFs) and other securities currently valued at approximately $1.7 million as of the date of filing. Schwab intends to seek immediate court authorization to deposit the cash into the court registry and will soon file a Motion to liquidate the remaining assets to

deposit those funds into the court registry upon liquidation.  Accordingly, Schwab prays that the Court authorize Schwab to maintain the Account pending further order of the Court and, if the assets are not liquidated pursuant to further authorization by this Court, until resolution of this interpleader action to be distributed to the proper defendant as determined by this Court.

WHEREFORE, Schwab respectfully prays for the following relief:

(a) That each of Defendants be duly served and summoned to answer and appear;

(b) For an order

(1) authorizing Plaintiff to deposit into the registry of this Court the approximately $330,790.93  in cash contained in the Account;

(2) authorizing Plaintiff to either liquidate and deposit with this Court or maintain the stocks, exchanged traded funds (ETFs) and other securities in the Account pending further order of this Court;

(3) requiring Defendants to interplead their rights and claims to the Account, including the cash, stocks, ETFs, and all other assets and proceeds of the Account;

(4) requiring Defendants to assert their respective rights and claims contradictorily against all other parties to this proceeding; and

(5) without waiving any contractual right to arbitration, prohibiting Defendants from instituting or prosecuting any other action or proceeding in any State or United States court or any arbitration proceeding affecting the Account, any proceeds related thereto, any money, proceeds or other property deposited into the registry of this Court in this action or any claim involved in this action until further order of this Court;

(c) for a judgment

    (1) relieving Plaintiff of all liability to all Defendants for distribution and/or transfer of the assets and proceeds of the Account, including any money and other property deposited into the registry of this Court and for any interest thereon and for other assets maintained in the Account;

    (2) discharging Plaintiff from any further liability relating to the right, title and interest held by Regina Heisler in or to the assets, property and/or proceeds of the Account;

    (3) declaring that any Defendant who does not timely appear and answer in this action shall be deemed to waive and forgo forever any and all right, title and interest in or to (i) the Account, (ii) any assets and proceeds related thereto, (iii) any money, proceeds, or other property deposited into the registry of this Court in this action and (iv) any interest on such proceeds or money;

    (4) otherwise declaring the rights of each Defendant as to the Account, the assets and proceeds related thereto, any money or proceeds deposited into the registry of this Court in this action and any interest on such proceeds or money;

    (5) without waiving any contractual right to arbitration that the parties may have, permanently enjoining and prohibiting Defendants from instituting or prosecuting any other action or proceeding in any State or United States court or any arbitration proceeding affecting the Account, any proceeds or property related thereto, any money, proceeds or other property deposited into the registry of this Court in this action or any claim involved in this action; and

(6) awarding Plaintiff from the Account and from any money or proceeds deposited into the registry of this Court (or otherwise in dispute) all costs and attorneys' fees incurred by Plaintiff in connection with this action; and

(d) for all other relief to which the plaintiff is entitled.

    Respectfully submitted,

    GORDON, ARATA, MONTGOMERY, BARNETT,
      McCOLLAM, DUPLANTIS & EAGAN, LLC
    201 St. Charles Avenue, 40th Floor
    New Orleans, LA 70170-4000
    Phone: (504) 582-1111  Fax: (504) 582-1121

    By: __s/Donna Phillips Currault__
        Donna Phillips Currault (#19533)
         dcurrault@gamb.law
        Michael E. Landis (#36542)
         mlandis@gamb.law

*Attorneys for Plaintiff/Stakeholder Charles Schwab & Co., Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES SCHWAB & CO., INC. | * | CIVIL ACTION |
| Plaintiff/Stakeholder | * | NO. |
| VERSUS | * | SECTION |
| REGINA B. HEISLER and and GIROD LOANCO., LLC | * | MAG. |
| | * | |
| Defendants/Claimants | | |

## VERIFICATION OF COMPLAINT FOR INTERPLEADER

State of Colorado
County of Douglas

    Before me, the undersigned notary public in and for the aforesaid state and county, personally appeared **Greg Scanlon,** who upon being duly sworn by me did state as follows:

    1.    I am Vice President and Associate General Counsel of Charles Schwab & Co., Inc. ("Schwab") and make the statements below from my personal knowledge based on my review of information and files maintained by Schwab in its ordinary course of business.

    2.    I have read the Complaint for Interpleader in this action. Based on my review of documents maintained by Schwab in its ordinary course of business, all the factual allegations in the Complaint for Interpleader are true and correct. The remaining allegations in the Complaint are true and correct to the best of my knowledge, information and belief.

                                  _____
                                          Greg Scanlon

Signed and sworn to before me, Notary Public,
this  8TH  day of March 2018.

_____
Notary Public
Name printed:  Rachael Lundy
My commission expires  10-7-20

> RACHAEL LUNDY
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 20114054256
> MY COMMISSION EXPIRES OCTOBER 07, 2020

8